UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL ACTION NO. 05-30

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                     **MEMORANDUM OPINION & ORDER**

RANDY SALYERS                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Defendant Randy Salyers ("Salyers") moves to suppress certain evidence gathered by police after they executed a search warrant on his residence. This Court referred the matter to United States Magistrate Judge J.B. Johnson, Jr. who conducted a hearing on the motion and issued a report and recommendation ("R&R"). [Record No. 264]. The R&R recommended that the Motion to Suppress be denied. Salyers has filed objections. [Record No. 269]. The United States did not file a specific response to Salyers' objections but instead cited to their previously filed Response to the Motion to Suppress. [Record No. 278].

Salyers objects to two of Judge Johnson's decisions: (1) his finding that the affidavit of FBI Agent Timothy Briggs provided sufficient probable cause to issue the search warrant and (2) the alternative holding that the *Leon* "good faith" faith exception applies in this case. Because the court finds the first issue dispositive, it need not reach the Magistrate Judge's alternative conclusion.

"A judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). As Judge Johnson correctly noted, the affidavit accompanying the search warrant in this case was comprehensive and gave more than enough

evidence to establish probable cause for the search of Salyers' residence. The affidavit contains a summary of approximately 3,000 wiretapped phone calls, six of which were made from Salyers' residence or one of his eight personal cell phones registered to his home address. (Record No. 185 ¶ 60-63, 66). Agent Briggs identified Salyers as a participant on those conversations. Additionally, the affidavit states that in one of the recorded telephone conversations, Salyers told Kenneth Day that he "got rid of four old tires," a phrase that Agent Briggs testifies to be street slang for cocaine. While his conclusion is speculative, the record indicates that Agent Briggs has a great deal of experience in investigating drug trafficking, which experience may be properly considered in determining the totality of the probable cause. *See United States v. Martin*, 920. F.3d 393, 399 (6th Cir. 1990).

The affidavit also quotes a conversation between Defendant Salyers and Kenneth Day in which Salyers states that "them oxy, they might show up, don't you think?" Agent Briggs testifies that oxy likely refers to oxycontin, a controlled substance. While Salyers' claim that the phrase was misconstrued and actually meant "amoxis," a common antibiotic, is deserving of consideration, any ambiguity in this determination is not enough to invalidate the warrant, as it is clear that Agent Briggs reasonably believed his interpretation to be true. *See Franks v. Delaware*, 438 U.S. 154 (1978).

In addition, the affidavit reflects that other phone conversations not involving Salyers contained references to drugs and either Salyers' participation or possession of them. The parties to one conversation mentioned that people were "moving furniture" in Salyers' residence and that they had to "take care of that one trick," both references that Agent Briggs stated are likely associated with the transportation of drugs. (Record No. 185, ¶ 42). These conversations

2

pointed to the likelihood of the existence drugs in Salyers' residence. Thus even if Salyers was correct that the affidavit contained no information that he in particular was in possession of these drugs, the information about his residence would be sufficient to establish the probable cause necessary for the officials to determine whether illegal drugs existed there. *See Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978).

The affidavit in this case set forth substantial evidence of an overall pattern of activity consistent with drug trafficking by Salyers and the inference of the existence of drugs in his residence. Because this court need not rely on the *Leon* "good faith" exception, it expresses no opinion on the Magistrate Judge's conclusion on this issue. Accordingly, the Court hereby **ORDERS** that Magistrate Judge Johnson's R&R is **ACCEPTED** [Record No. 264] and **ORDERS** that Salyers' Motion to Suppress is **DENIED** [Record No. 185].

In addition to regular service by mail, a copy of this Order shall be transmitted forthwith to counsel of record by facsimile or by electronic filing.

This the 11th day of October, 2005.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**